IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

STATE FARM FIRE AND CASUALTY                                                PLAINTIFF
INSURANCE COMPANY

V.                                                    CIVIL ACTION NO. 3:15-CV-99-SA-SAA

CEDRIC FLOWERS, RENEE FLOWERS,
ASHLEY SIMMONS, MICHAEL SIMMONS,
JETTIFER SCOTT, RICKY SCOTT,
CITIZENS BANK AND TRUST CO.
OF MARKS, MISSISSIPPI,
CERTAIN INTERESTED UNDERWRITERS
AT LLOYD'S LONDON                                                           DEFENDANTS

MEMORANDUM OPINION

This is a declaratory judgment action brought by an insurance company seeking to have a policy declared void *ab initio*. Before the Court is the Plaintiff's Motion for Summary Judgment [55]. After reviewing the motion, responses, rules and authorities, the Court finds as follows:

*Factual and Procedural Background*

In May of 2008, Cedric and Renee Flowers purchased property in Panola County Mississippi. The Flowers asked relatives Ricky and Jettifer Scott to build a house for them on the property. The Flowers were unable to obtain financing to construct the house, so they quitclaimed the property to the Scotts, who obtained a construction loan from Citizens Bank in their own names using the property as collateral. According to the Flowers, although they were unable to obtain a construction loan, they were preapproved for a home loan, and the Scotts agreed to convey the property back to them when the house was completed for an agreed upon sum. Citizens Bank force placed insurance on the house through Lloyd's London.[1]

---

[1] It appears from the record that Lloyd's London paid out on this policy after the fire, and Citizens Bank and Lloyd's London both filed motions (jointly with State Farm) for a declaratory judgment in State Farm's favor.

When the house was nearing completion disputes over the scope and cost of the construction project arose between the Flowers and the Scotts. In spite of these disputes, the Flowers, and Ashley and Michael Simmons[2] moved into the house before it was completed. The Flowers were unable to obtain financing to purchase the uncompleted home. Sometime thereafter, the Scotts defaulted on the construction loan. On June 17, 2011, the Flowers filed suit in Panola County Circuit Court to enjoin the Scotts from selling the property.

On April 19, 2012, Cedric Flowers alone applied for and was issued a homeowner's insurance policy for the house by Plaintiff State Farm.[3] Sometime during the night of June 17, 2012, a fire damaged the house and its contents. State Farm now seeks a declaratory judgment that the homeowner's policy was void when issued because the Flowers did not own the home. Alternatively, State Farm argues that the policy was voided after issuance because the Flowers breached several of the policy's provisions.

Cedric Flowers asserts various counterclaims against State Farm including breach of contract, negligence, bad faith, fraudulent and negligent misrepresentation, and seeks punitive damages. All of Cedric Flowers' counterclaims rest on the assertion that the policy is valid. Renee Flowers, Ashley Simmons, and Michael Simmons joined in Cedric Flowers' counterclaims. Although they were served, Jettifer and Ricky Scott never appeared in this case and the Clerk of Court made an entry of default against them. State Farm now requests summary judgment in its favor.

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the

---

[2] Ashley and Michael Simmons are Renee Flowers' adult children.
[3] The policy is in Cedric Flowers' name only, and no other person, mortgagee, or lienholder is mentioned in the policy.

moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

Mississippi substantive law applies in this diversity case. *See Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014) (citing *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 275 (5th Cir. 2009)).

*Validity of Insurance Policy*

"Mississippi law requires a purchaser of property insurance to have an insurable interest in the subject property at the time of purchase and at the time of loss." *Nationwide Mut. Ins. Co. v. Baptist*, No. 2:12-CV-00097-SA, 2013 WL 4829262, at *2 (N.D. Miss. Sept. 10, 2013) *aff'd*, 762 F.3d 447 (5th Cir. 2014) (citing *Aetna Cas. & Sur. Co. v. Davidson,* 715 F.Supp. 775, 776 (S.D. Miss. 1989); *Southeastern Fid. Ins. Co. v. Gann,* 340 So. 2d 429 (Miss. 1976)). Further, it is well settled under Mississippi law that "misstatements of material fact in an application for insurance provide grounds for declaring a policy issued in reliance thereon void ab initio." *Republic Fire & Cas. Ins. Co. v. Azlin*, No. 4:10-CV-037-SA, 2012 WL 4482355, at *6-7 (N.D. Miss. Sept. 26, 2012) (citing *GuideOne Mut. Ins. Co. v. Rock*, No. 1:06-CV-218-SA, 2009 WL 1854452, at *2 (N.D. Miss. June 29, 2009); *Colonial Life & Acc. Ins. Co. v. Cook*, 374 So. 2d 1288, 1292 (Miss. 1979)). The party seeking to void the insurance contract "must establish the existence of a factual misrepresentation and its materiality by clear and convincing evidence." *Azlin*, 2012 WL 4482355, at *6-7 (citing *Carroll v. Metro. Ins. and Annuity Co.*, 166 F.3d 802, 805 (5th Cir. 1999)). The fact that a misrepresentation "was intentional, negligent, or the result of mistake or oversight is of no consequence." *Id*. (citing *Rock*, 2009 WL 1854452 at *2 (gathering cases)).

In Mississippi, a conveyance of quitclaim is "sufficient to pass *all* the estate or interest the grantor has in the land conveyed. . . ." MISS. CODE ANN. § 89-1-39 (emphasis added). In the instant case, because they quitclaimed their interest in the property to the Scotts, the Flowers did not own the property at the time of the fire, and Cedric Flowers admits that he stated on the application for insurance that he owned the property.[4] The analysis therefore turns on whether

---

[4] Cedric Flowers admits both in his Answer [14] ¶¶ 28-30, and in his response to State Farm's request for admission [74-4] ¶ 7 that he "stated on the application for insurance that he owned the property". Renee Flowers, Ashley

this misrepresentation was "material" under the relevant standard. *Azlin*, 2012 WL 4482355, at *6-7.

Courts in this jurisdiction generally agree that a misrepresentation or concealment is material if it affects: "(1) the acceptance of the risk or (2) the hazard assumed by the company." Jeffery Jackson, MISS. INS. LAW AND PRAC. § 6:4 (citing *State Life Ins. Co. v. O'Brien*, 921 F. Supp. 420, 424 (S.D. Miss. 1995), *aff'd*, 108 F.3d 333 (5th Cir. 1997); *Jones v. Reynolds*, No. 2:06-CV-57-SA, 2008 WL 2095679, at *3 (N.D. Miss. May 16, 2008) (other citations omitted)).

These same Courts have either applied an objective standard, that a misrepresentation is material if knowledge of the true facts would have influenced a "prudent insurer" in determining whether to accept the risk, *Carroll v. Metro. Ins. and Annuity Co.*, 166 F.3d 802 (5th Cir. 1999); *Pierce v. United Home Life Ins. Co.*, 914 F. Supp. 2d 826 (S.D. Miss. 2012); *Azlin*, 2012 WL 4482355 at *6, or a subjective standard, that "[t]he materiality of a representation is determined by the probable and reasonable effect which truthful answers would have had on *the insurer*." *Sanford v. Federated Guar. Ins. Co.*, 522 So. 2d 214, 217 (Miss. 1988) (emphasis added). The objective standard focuses on the effect of the misrepresentation on a "prudent insurer", while

---

Simmons, and Michael Simmons admit the same in their Answer [22] ¶¶ 28-30. It has long been established in this Circuit that "facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them. A fact admitted by answer is no longer a fact in issue." *Hill v. Fed. Trade Comm'n*, 124 F.2d 104, 106 (5th Cir. 1941); *see also McCreary v. Richardson*, 738 F.3d 651, 659 n. 5 (5th Cir. 2013), *as revised* (Oct. 9, 2013) (stating "[t]his circuit has long noted that factual statements in the pleadings constitute binding judicial admissions.") (gathering cases)); *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987) (citing *White v. ARCO/Polymers*, 720 F.2d 1391, 1396 (5th Cir. 1983) (stating "factual assertions in pleadings are . . . judicial admissions *conclusively* binding on the party that made them.")). In their response to the pending motion for summary judgment these Defendants now argue that Cedric Flowers cannot remember what he told the employee that took his application, that he was not in the agent's office long enough to answer "all those questions", and that the employee that took the application was negligent. In light of their previous admissions, these arguments are unavailing. The Defendants cannot now, after reviewing the opposing party's arguments, change the theory of their defense in an attempt to create a dispute around a material fact already admitted. *Hill*, 124 F.2d at 106; *McCreary*, 738 F.3d at 659.

the subjective standard focuses on the particular insurer. *Azlin*, 2012 WL 4482355 at *6; *Sanford*, 522 So. 2d at 217.

In the instant case, State Farm states in several affidavits that it is against their underwriting guidelines to issue homeowner's insurance policies to non-owners. Patricia Herron, the State Farm employee that took Cedric Flower's application also avers that in this particular case, had she known that Cedric Flowers did not own the property, she would not have issued the policy. This Court has held in other cases that ownership is a "material fact" that would influence "a prudent insurer in determining whether to accept the risk." *See Azlin*, 2012 WL 4482355, at *6-7; *Baptist*, 2013 WL 4829262, at *2. Therefore, the Court finds that the representation that the Flowers owned the property at the time he applied for this homeowner's insurance policy is a material misrepresentation under both the objective (prudent insurer) and subjective (particular insurer) standards, and due to this material misrepresentation the policy was void from the beginning. *See Azlin*, 2012 WL 4482355, at *6-7; *Baptist*, 2013 WL 4829262, at *2; *Sanford*, 522 So. 2d at 217. The Defendants' argument that Cedric Flowers believed, in good faith, that he owned the home at the time he applied for the policy is unavailing because the relevant cases make clear that the fact that a misrepresentation "was intentional, negligent, or the result of mistake or oversight is of no consequence." *Azlin*, 2012 WL 4482355, at *6-7 (citing *Rock*, 2009 WL 1854452 at *2 (gathering cases)).

*Conclusion*

For all of these reasons, the Court finds that the homeowner's policy issued by State Farm to Cedric Flowers on April 19, 2012 was void *ab initio*. State Farm's Motion for Summary Judgment [55] is GRANTED.

Because all of the counterclaims asserted by Cedric Flowers, Renee Flowers, Ashley Simmons, and Michael Simmons rely on the assertion that the policy is valid, summary judgment in State Farm's favor is also GRANTED on all of the Defendants' counterclaims.

Pursuant to Federal Rule of Civil Procedure 57, and 28 U.S.C. §2201, this declaration is equally binding on all of the parties to this action.

**SO ORDERED on this the 19th day of April, 2016.**

        /s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**